UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAYLEE CHRISTYNE KELLY                      CIVIL ACTION

VERSUS

GRACE FAMILY PARTNERSHIP,                 NO. 25-00592-BAJ-SDJ
ET AL.

### RULING AND ORDER

Before the Court is Plaintiff's **Verified Complaint For Declaratory And Injunctive Relief And Damages (Doc. 1)**, which the Court construes as a Request for a Temporary Restraining Order ("TRO"), a Request for a Preliminary Injunction, and a Complaint.

In this difficult-to-decipher action, Plaintiff, proceeding *pro se*, pursues emergency action against thirteen Defendants, ranging from "Microsoft Corporation (MSFT, Azure, Entra)," and the "West Baton Rouge Parish Sheriff & Addis Police Department," to the "18th Judicial District Court (Iberville, WBR, Point Coupee)" and "DCFS & Iberville Office of Child Welfare." (*Id.* at 1). The facts undergirding Plaintiff's claims are difficult to discern, but Plaintiff broadly alleges "an ongoing conspiracy across state, federal, corporate, and technological entities to conceal, control, and exploit the Plaintiff's identity, biometric data, legacy estate rights, minor children, and natural resources." (*Id.* at 2). Plaintiff asserts that she has "endured retaliatory eviction, blocked access to communications and networks, child endangerment and abuse, unlawful classification, digital entrapment, and

obstruction of due process." (*Id.*). Plaintiff further contends that through a conspiratorial effort involving "concealed trust exploitation," Defendants "have trespassed upon and extracted from Plaintiff's legacy and personhood." (*Id.*).

Plaintiff bases no arguments in law beyond general references to "applicable federal law," a broadly alleged "deprivation of constitutional rights," "[e]vidence of fraud upon the court" under Federal Rule of Civil Procedure ("Rule") 60(d)(3), and a recitation of the substantive elements required to obtain a preliminary injunction. (*Id.* at 2, 6). Plaintiff seeks a TRO requiring the "[i]mmediate return of minor child, [SC], to Plaintiff's lawful custody," a "[g]uarantee of non-public, protected education placement for [JC] and [SC]," a "[f]reeze and audit of all estate, trust, or property transfers potentially connected to Plaintiff's lineage or assets," an "[i]mmeidate injuction against any further interference by ... Defendants, or the[ir] agents, with Plaintiff and her children," and an "[o]rder compelling the preservation of all relevant documents including succession, eviction, trust, POA, grant, and infrastructure records." (*Id.* at 6).

A review of the record indicates that Plaintiff has not yet served any of the Defendants. Plaintiff does not affirm that she has provided notice of any kind to Defendants, nor does she explain why such notice should not be required. (*See* Doc. 1).

Rule 65(b)(1) governs Plaintiffs' request for a TRO and provides:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***

2

>    (B) the movant's attorney certifies in writing any efforts made to give
>    notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B) (emphasis added).

While the Court is aware that Plaintiff is proceeding *pro se*, she has failed to comply with the second requirement of Rule 65(b)(1). Plaintiff's Complaint does not include a certificate describing her efforts to provide notice to Defendants' attorneys, nor does it explain the reasons why such notice should not be required. (*See* Doc. 1).

Plaintiff's failure to comply with Rule 65(b)(1)'s notice requirements, standing alone, is a sufficient basis to deny her request for a TRO. *See Stevenson v. Benjamin*, No. 19-cv-637 (M.D. La. February 17, 2021) (denying *pro se* plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16 - cv - 632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (same); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same). Moreover, Plaintiff failed to articulate her request for a TRO in a document separate from her Complaint. *See* Local Civil Rule 65 (specifying that "[a]n application for a temporary restraining order or for a preliminary injunction shall be made in a document separate from the complaint and if not, may not be considered by the Court").

Additionally, and more fundamentally, Plaintiff has failed to demonstrate that the Court likely possesses subject matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction

3

of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id.* "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[C]ourts ... have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685, (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a).

*Id.* at 513.

"[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nash. R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Here Plaintiff broadly references the Constitution and "applicable federal laws," but does not appear to articulate specific claims grounded in identifiable provisions of federal law. Instead, at best, Plaintiff vaguely sketches out potential state law claims, such as child custody and wrongful eviction disputes. Further, though Plaintiff does not allege the citizenship of the Defendants, some Defendants,

4

such as the "18th Judicial District Court" and the "City-Parish of East Baton Rouge" almost certainly share citizenship with Plaintiff, who lists two addresses, both in Louisiana. (*See* Doc. 1 at 1; Doc. 3 at 1).

The Court will refer Plaintiff's Complaint to the Magistrate Judge for further consideration of the Court's jurisdiction over this matter. However, the Court cannot find that Plaintiff is likely to prevail on the merits of her claims. *See MMR Constructors, Inc. v. JB Grp. of LA, LLC*, No. CV 22-00267-BAJ-RLB, 2022 WL 1223919, at *3 (M.D. La. Apr. 26, 2022) (requiring a Court to find that Plaintiff has "a substantial likelihood of success on the merits" before granting a TRO).

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a TRO and/or preliminary injunction be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be and is hereby **REFERRED** to the Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Baton Rouge, Louisiana, this 13th day of August, 2025

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**