# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HAYLEE CHRISTYNE KELLY**                    **CIVIL ACTION**

**VERSUS**                                    **NO. 25-592-BAJ-SDJ**

**GRACE FAMILY PARTNERSHIP, et al.**

---

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 1, 2026.

---

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAYLEE CHRISTYNE KELLY

VERSUS

GRACE FAMILY PARTNERSHIP, et al.

CIVIL ACTION

NO. 25-592-BAJ-SDJ

---

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Complaint. For the following reasons, the undersigned recommends Plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.    Factual and Procedural Background

*Pro se* Plaintiff Haylee Christyne Kelly instituted this action against the following Defendants on July 7, 2025:[1] Grace Family Partnership/Miranda Acosta (Tabitha) Defendants; MetroPCS/T-Mobile; Microsoft Corporation (incl. MSFT/Azure/Entra infrastructure); City-Parish of East Baton Rouge (Purchasing Division)/Central Bidding (Central Auction House); West Baton Rouge Parish Sheriff and Addis Police; Iberville Parish School Board (Child Welfare, Crescent Elementary, SPED); 18th Judicial District Court (Iberville/WBR/Point Coupee); Department of Children and Family Services (DCFS) and Iberville Child Welfare; Dow-DuPoint (3M/Aearo); SCANSTAT Technologies/Health Data Interference; Brian Keith Carline and Dubea Enterprises LLC; John Kelly and Jacob Aucoin; Verizon Business/PDI (Ashburn, VA); Wilmington

---

[1] Plaintiff also filed an Amended Complaint on September 8, 2025 (R. Doc. 7) and a Supplement to Complaint on September 23, 2025 (R. Doc. 10).

Trust/SMRF Trust X.[2]  Plaintiff's allegations are difficult to discern.  However, as summarized by

Plaintiff:[3]

> This case arises from an ongoing conspiracy across state, federal, corporate, and technological entities to conceal, control, and exploit the Plaintiff's identity, biometric data, legacy estate rights, minor children, and natural resources.  Plaintiff has endured retaliatory eviction, blocked access to communications and networks, child endangerment and abuse, unlawful classification, digital entrapment, and obstruction of due process.
>
> Plaintiff asserts lawful standing as a lineal heir and successor to ancestral land holdings, mineral rights, burial ground custodianship, and civic entitlements rooted in Iberville, Pointe Coupee, East and West Baton Rouge, St. Landry, and Avoyelles Parishes.  The named Defendants—through coordinated fraud, concealed trust exploitation, and systemic classification—have trespassed upon and extracted from Plaintiff's legacy and personhood.

Plaintiff brings claims for relief pursuant to 42 U.S.C. § 1983 (Fourteenth Amendment Due

Process), 42 U.S.C. § 1983 (Equal Protection), 18 U.S.C. § 1030(g) (Computer Fraud and Abuse

Act), Declaratory Judgment (28 U.S.C. §§ 2201-2202), and 18 U.S.C. §§ 1961-1968.[4]

At the time Plaintiff filed her Complaint, she also filed a motion to proceed *in forma*

*pauperis*, which the Court granted on October 6, 2025.[5]  The Court, in response, held hearings on

October 28, 2025, and November 13, 2025, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.

1985), to determine whether all or any part of Plaintiff's case should be dismissed.[6]

---

[2] R. Doc. 1 at 1, 4; R. Doc. 7 at 1.

[3] R. Doc. 1 at 2.

[4] R. Doc. 7 at 1-2; R. Doc. 10 at 2.

[5] R. Doc. 2; R. Doc. 11.

[6] R. Doc. 16; R. Doc. 18.  The Court notes that prior to the *Spears* hearings held before the undersigned, Plaintiff filed two Motions for Temporary Restraining Orders and/or Preliminary Injunctions, both of which were denied by the District Judge.  *See* R. Docs. 1, 4, 8, and 9.

## II.     Law and Analysis

### A.     Legal Standards

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (recognizing that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers).  Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)     is frivolous or malicious;
(ii)     fails to state a claim on which relief may be granted; or
(iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible.").  Pleaded facts which are merely improbable or strange are not frivolous.  *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).  When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in

4

the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal "unless it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

## B.    Discussion

### a.    Claims Pursuant to 42 U.S.C. § 1983

Plaintiff brings two causes of action under § 1983—a Fourteenth Amendment Due Process Clause violation and an Equal Protection violation. The Court turns first to Plaintiff's Fourteenth Amendment Due Process Clause violation.

"[I]n order to state a claim under § 1983, a plaintiff must allege a violation of the Constitution or a federally granted right, and that the violation was committed by someone acting under color of state law." *Spears v. McCraw*, No. 17-1105, 2019 WL 3754218, at *5 (W.D. Tex. Aug. 8, 2019) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "To state a Fourteenth Amendment due process claim under § 1983, 'a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.'" *Tex. Ass'n for Rights of Unemployed v. Serna*, 690 F. Supp. 3d 732, 740 (W.D. Tex. 2023) (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)). "When faced with a due process challenge, a court must determine whether the behavior of the governmental officer 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Herbert v. New Orleans City*, No. 20-952, 2020 WL 4584192, at *8 (E.D. La. Aug. 10, 2020) (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018)).

In her Amended Complaint, Plaintiff asserts only that "Defendants deprived [her] of liberty and property interests without due process of law by misclassifying her as a ward, beneficiary, or decedent, and exploiting her estate and identity."[7]  However, neither here nor in her hearing testimony does she identify a particular protected liberty or property interest of which she allegedly has been deprived, stating only that she has been "misclassified" in various ways.  Similarly, she not only has not connected the actions of a specific governmental officer to her alleged deprivation, but she has failed to allege any action by any governmental Defendant that is so egregious or outrageous as to shock the general conscience.  "[I]t is well-settled that regardless of whether the

---

[7] R. Doc. 7 at 1.  Plaintiff makes no further allegations in her Complaint.  However, the Court notes that she does attach numerous exhibits to her pleadings.  However, "[w]hile much liberality is allowed in construing *pro se* complaints, a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Richardson v. United Wholesale Mortgage, LLC*, No. 24-276, 2024 WL 5264095, at *5 n. 24 (M.D. La. Dec. 31, 2024) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017)).

plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Quebedeaux v. Guillory*, No. 12-849, 2013 WL 749511, at \*5 (W.D. La. Jan. 31, 2013) (citing *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir.2002); *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993)).  Because Plaintiff has made only conclusory allegations and otherwise has failed to state a claim for a due process violation, the Court recommends that this claim be dismissed with prejudice.  *See Tolbert v. City of Commerce*, No. 21-2966, 2022 WL 18356454, at \*2 (N.D. Tex. Nov. 17, 2022) (dismissing due process claim because pro se plaintiff cited no factual or legal basis for the existence of any protected interest and alleged no plausible facts to support his due process claim).

The Court now turns to Plaintiff's claim for an Equal Protection violation.  "The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike."  *Bailey v. Mansfield Indep. Sch. Dist.*, 425 F. Supp. 3d 696, 716 (N.D. Tex. 2019) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Plyler v. Doe*, 457 U.S. 202, 216 (1983)).  To properly raise an equal protection claim, a plaintiff "must set forth allegations which, if proved, demonstrate that '[s]he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from discriminatory intent.'" *Id.* (quoting *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir. 2004)).  "A discriminatory purpose in an equal-protection context implies that the decision-maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group."  *Id.* (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)) (modifications omitted).

Here, Plaintiff, in her Amended Complaint, argues that "Defendants discriminated against [her] by selectively targeting her lineage and estate for exploitation and misclassification."[8] Plaintiff's claims, in her Complaints and oral testimony, even when liberally construed, do not allege that any particular Defendant treated her differently than other similarly situated individuals. *See Johnson v. Rodriguez*, 110 F.3d 299, 309 (5th Cir. 1997) (an equal protection violation "occurs only when, *inter alia*, the governmental action in question classifies between two or more relevant persons or groups"). Plaintiff fails to identify any similarly situated individuals who were treated more favorably than her by any state actor.  She also does not allege that any treatment of her stemmed from a state actor's intentionally discriminatory purpose.  Plaintiff, instead, presents only conclusory allegations based on her own personal impressions.  As such, Plaintiff's § 1983 equal protection claim lacks an arguable basis in law and should be dismissed with prejudice. *See Wade v. Travis Middle Sch.*, No. 11-276, 2011 WL 3880481, at *4 (N.D. Tex. Aug. 9, 2011) (dismissing plaintiff's § 1983 equal protection claims as frivolous where plaintiff does not allege either that the school principal defendant treated her differently than other similarly situated individuals or that her treatment by the defendant stemmed from an intentionally discriminatory purpose).

### b.    Claims Pursuant to 18 U.S.C. § 1030(g)

18 U.S.C. § 1030(g) is part of the criminal Computer Fraud and Abuse Act and states, in part:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.  A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).

18 U.S.C. § 1030(c)(4)(A)(i)(I)-(V) lists the following factors:

---

[8] R. Doc. 7 at 2.

(I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;

(II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;

(III) physical injury to any person;

(IV) a threat to public health or safety;

(V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security.

As previously noted by this Court, "the pleading requirements for civil actions under the CFAA are complex." *Electro-Mechanical Recertifiers, L.L.C. v. Samsung E&C Am., Inc.*, No. 24-652, 2025 WL 1809324, at *11 (M.D. La. Jul. 1, 2025). Here, Plaintiff does not specify in her Complaints or testimony which of the several subsections she claims any Defendant violated. Rather, she states only that "Defendants accessed protected computers, accounts, and data without authorization, trafficking Plaintiff's identity, biometric date, and family records."[9] As another court observed under similar circumstances, "it isn't up to . . . this Court to guess what statutory provisions are at issue" in connection with Plaintiff's claim. *Entergy Intelligence Group Inc. v. Kirby Inland Marine LP*, No. 19-3520, 2021 WL 183428, at *1 (S.D. Tex. Jan. 19, 2021).

In addition, Plaintiff's conclusory statements are not sufficient to state a claim against any Defendant. In fact, she does not even specify a Defendant or Defendants among the more than 15 Defendants she names, against whom these allegations are made. *See Hawkins v. D.R. Horton, Inc.-Gulf Coast*, No. 24-84, 2025 WL 2825607, at *2 (M.D. La. Sep. 4, 2025) ("A court does not assume the truth of conclusory statements, but rather looks for facts which support the elements

---

[9] R. Doc. 7 at 2.

of the pleader's claim."); *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 776 (W.D. Tex. 2022) ("While this Court construes a complaint in the light most favorable to plaintiff, accepting well-pleaded facts as true, it does not 'accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'") (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). As such, Plaintiff's claims against Defendants pursuant to 18 U.S.C. § 1030 are dismissed. *See Electro-Mechanical Recertifiers*, 2025 WL 1809324, at *11 (dismissing claims pursuant to 28 U.S.C. § 1030 because plaintiff did not specify the statutory provisions allegedly violated and provided only conclusory allegations in support).

### c.    Claims Pursuant to 18 U.S.C. §§ 1961-1968

18 U.S.C. §§ 1961-1968 is part of the Racketeer Influenced and Corrupt Organizations Act, a criminal statute. Plaintiff cannot bring criminal charges against any person or organization. *See Edwards v. Louisiana*, No. 22-2171, 2023 WL 1170309, at *5 (E.D. La. Jan. 4, 2023) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *see also Wells v. Gautreaux*, No. 23-1558, 2025 WL 1354257, at *2 (M.D. La. Mar. 25, 2025), *report and recommendation adopted*, 2025 WL 1348929 (M.D. La. May 8, 2025) (dismissing claims pursuant to criminal statutes in civil proceeding). Plaintiff has not and cannot state a claim for relief pursuant to these statutes.

### d.    Claims Pursuant to 28 U.S.C. §§ 2201-2202

"The federal [Declaratory Judgment] Act allows a federal court to declare the rights and legal relations of any interested party." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012). "The availability of a declaratory judgment depends upon the existence of a judicially remediable right, however." *Id.* Stated another way, the Declaratory Judgment Act "'does not create a substantive cause of action' and 'is merely a vehicle that allows a party to

10

obtain an early adjudication of an actual controversy arising under other substantive law.'" *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 754 (N.D. Tex. 2013) (quoting *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 03-1658, 2009 WL 3075205, at *19 (N.D. Tex. Sep. 25, 2009)).

In her Amended Complaint, Plaintiff states generally that she "seeks declaratory relief affirming her living status, rejecting wardship designations, and preserving her family's lineal rights."[10]  However, as explained above, Plaintiff has not stated a viable claim or presented a remediable right which could form the basis of a declaratory judgment by the Court.  As such, Plaintiff has failed to state a claim pursuant to 28 U.S.C. § 2201 or §2202.  *See Coleman*, 969 F. Supp. 2d at 754 ("[G]iven Plaintiff's failure to state a viable claim for relief against Defendants, or show that a genuine controversy exists between the parties, her declaratory judgment action should be dismissed.").

## III.    Conclusion and Recommendation

As set forth above, Plaintiff has failed to state a viable claim against any Defendant, considering her Complaint, Amended Complaint, and hearing testimony.  Having carefully reviewed all, which oftentimes are fanciful and difficult to follow, the Court finds that allowing Plaintiff to amend her Complaint further would be futile.

Accordingly,

---

[10] R. Doc. 7 at 2.  The Court notes no further pertinent information was provided either in her original Complaint or her testimony during her *Spears* hearings.

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on April 1, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**