## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**HAYLEE CHRISTYNE KELLY**                                    **CIVIL ACTION**

**VERSUS**

**GRACE FAMILY PARTNERSHIP,**                    **NO. 25-00592-BAJ-SDJ**
**ET AL.**

## RULING AND ORDER

On April 1, 2026, the Magistrate Judge issued a **Report And Recommendation (Doc. 19, the "Report")** recommending that the Court dismiss Plaintiff's claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and close this case. Plaintiff objected to the Report. (Doc. 20).

Plaintiff, proceeding *pro se*, initiated this action in July 2025. (Doc. 1) Plaintiff filed an Amended Complaint (Doc. 7) and a Supplement to the Complaint (Doc. 10) in September 2025. The Court held hearings in October and November 2025, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether all or any part of Plaintiff's case should be dismissed. (Doc. 16; Doc. 18).

Plaintiff Complaint alleges the following:

This case arises from an ongoing conspiracy across state, federal, corporate, and technological entities to conceal, control, and exploit the Plaintiff[']s identity, biometric data, legacy estate rights, minor children, and natural resources. Plaintiff has endured retaliatory eviction, blocked access to communications and networks, child endangerment and abuse, unlawful classification, digital entrapment, and obstruction of due process.

Plaintiff asserts lawful standing as a lineal heir and successor to ancestral land holdings, mineral rights, burial ground custodianship,

and civic entitlements rooted in Iberville, Pointe Coupee, East and West Baton Rouge, St. Landry, and Avoyelles Parishes. The named Defendants—through coordinated fraud, concealed trust exploitation, and systemic classification—have trespassed upon and extracted from Plaintiff's legacy and personhood.

(Doc. 1 at 2).

Plaintiff brings claims for relief under 42 U.S.C. § 1983 (denial of Fourteenth Amendment Due Process); 42 U.S.C. § 1983 (denial of Equal Protection); 18 U.S.C. § 1030(g) (Computer Fraud and Abuse Act); 18 U.S.C. §§ 1961–1968 (Racketeer Influenced and Corrupt Organizations Act); and 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

The Report recommends that the Court dismiss Plaintiff's Fourteenth Amendment Due Process Clause claim. Plaintiff's Amended Complaint states only that "Defendants deprived [her] of liberty and property interests without due process of law by misclassifying her as a ward, beneficiary, or decedent, and exploiting her estate and identity." (Doc. 7 at 1). The Report recommends dismissal because Plaintiff has not identified a particular protected liberty or property interest of which she was allegedly deprived, nor has she connected the actions of a specific governmental officer to her alleged deprivation.

The Report further recommends that the Court dismiss Plaintiff's Fourteenth Amendment Equal Protection claim. Plaintiff's Amended Complaint states only that "Defendants discriminated against [her] by selectively targeting her lineage and estate for exploitation and misclassification." (Doc. 7 at 2). The Report explains that Plaintiff has failed to allege that any particular Defendant treated her differently

2

than other similarly situated individuals, or that any treatment of her stemmed from a state actor's intentionally discriminatory purpose.

Next, the Report recommends that the Court dismiss Plaintiff's Computer Fraud and Abuse Act claim. Plaintiff's Amended Complaint states only that: "Defendants accessed protected computers, accounts, and data without authorization, trafficking Plaintiff's identity, biometric date, and family records." (Doc. 7 at 2). A civil action for a violation of 18 U.S.C. § 1030(g) may be brought only if the conduct involves at least one of five factors listed in 18 U.S.C. § 1030(c)(4)(A)(i)(I)–(V).[1] Plaintiff does not specify in her Complaints or *Spears* testimony which of the several subsections she claims any Defendant violated, and her Amended Complaint contains only conclusory statements about computer abuse that is insufficient to state a claim.

With respect to Plaintiff's Racketeer Influenced and Corrupt Organizations claim, a criminal statute, the Report recommends that the Court dismiss Plaintiff's claim. Because Plaintiff is a private citizen who cannot bring criminal charges against any person or organization, Plaintiff cannot state a claim for relief pursuant to this statute.

---

[1] 18 U.S.C. § 1030(c)(4)(A)(i)(I)–(V) lists the following factors: (I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value; (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals; (III) physical injury to any person; (IV) a threat to public health or safety; (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security.

Finally, the Report recommends that the Court dismiss Plaintiff's Declaratory Judgment Act claim. Plaintiff's Amended Complaint states that she "seeks declaratory relief affirming her living status, rejecting wardship designations, and preserving her family's lineal rights." (Doc. 7 at 2); Plaintiff's original Complaint (Doc. 1) and her *Spears* testimony provide no additional relevant information. The availability of a declaratory judgment pursuant to the Declaratory Judgment Act depends upon the existence of a judicially remediable right. Because Plaintiff has not stated a viable claim or presented a remediable right which could form the basis of a declaratory judgment, Plaintiff has failed to state a claim pursuant to the Declaratory Judgment Act.

Plaintiff objects to the Report, arguing summarily that the Report mischaracterized Plaintiff's Complaint, misapplied *pro se* standards, prematurely dismissed Plaintiff's claims without allowing for discovery, and improperly dismissed Plaintiff's claims without granting her leave to amend her Amended Complaint.

The Report correctly stated and applied the relevant legal standard for failure to state a claim under § 1915(e)(2)(B)(ii). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff does not do that here. Plaintiff merely reiterates her conclusory statements in her opposition without pointing to any additional factual matter in the Complaints that would support her claims for relief.

In addition, the Report correctly stated and applied the relevant legal standard

4

for *pro se* pleadings. While courts must construe complaints filed by *pro se* plaintiffs liberally, even the most liberally construed complaint can be dismissed if the court determines the case fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). While the Report must treat *pro se* pleadings less stringently, the Court cannot simply create a claim for relief where one does not exist, as Plaintiff essentially asks the Court to do in her opposition.

Plaintiff further objects to the Report's recommended dismissal of her Due Process claim for failure to identify a legally protected interest or state actor by reiterating that the 18th Judicial District Court, the state Department of Children and Family Services, the Sheriff, and school systems are Defendants in her Complaint. But Plaintiff once again fails to point to specific factual matter supporting her contention that Defendants violated her Due Process rights. Plaintiff's opposition also fails to state any legally protected interest these Defendants allegedly violated.

Plaintiff then states that, with respect to her Computer Fraud and Abuse Act claim, her Complaints alleged unauthorized access to accounts, data interference, and identity misuse, which are "core elements of CFAA violations [that] should not be dismissed at screening without discovery." (Doc. 20 at 3). But Plaintiff does not provide any information in her Complaints that satisfies one of the five elements required to bring a civil action pursuant to the Computer Fraud and Abuse Act.

Plaintiff additionally argues that her Declaratory Judgment claim was improperly rejected because "Plaintiff clearly seeks adjudication of identity, lineage, and property rights," and thus "[t]his constitutes a live controversy." (Doc. 20 at 4).

However, this is merely an inaccurate and conclusory statement. If Plaintiff's claims are dismissed, then the Court cannot issue a declaratory judgment.

Plaintiff then objects to the Report's recommendation that the Court dismiss Plaintiff's claims without granting her leave to amend her Complaint. The opposition restates law included in the Report: that a *pro se* plaintiff must be given at least one meaningful opportunity to amend unless amendment would be futile. *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). Plaintiff asserts that the Report did not "allow structured amendment" or "offer guidance for curing issues[,]" but cites no law requiring the Court to do so before determining that amendment would be futile. (Doc. 20 at 3).

Having carefully considered the Complaint (Doc. 1), the Amended Complaint (Doc. 7), the Report And Recommendation (Doc. 19), and the entirety of the record, the Court **APPROVES** the Magistrate Judge's Report And Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's pending **Emergency Motion To Add Defendants For Cyber Intrusion, Identity Abuse, And Retaliation Against Plaintiff (Doc. 14)** and **Emergency Motion for Contact Order (No-Harassment) & Housing Protection (FHA §3617) (Doc. 15)** are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the above-captioned matter be and is **DISMISSED WITH PREJUDICE**.

Final judgment shall be entered separately.

Baton Rouge, Louisiana, this 24th day of April, 2026

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**